### No. 560

COHEN v. FIDELITY & CASUALTY CO., et.
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1567.

148. BILLS OF EXCEPTIONS—Where plaintiff has been denied a trial by jury, it is necessary to embody the evidence in the shape of a Bill of Exceptions to show that the plaintiff was prejudiced by such ruling.

465. ERROR—Where the pleadings have tendered an issue, it is incumbent upon the plaintiff to embody the evidence in a Bill of Exceptions.

First Publication of this Opinion

BY THE COURT

Fannie Cohen brought suit in the nature of a creditors bill against the Fidelity & Casualty Co. of New York, and Nathan Cohen.

She alleged that she recovered a judgment against the defendant Cohen and that execution thereon was returned unsatisfied.

The judgment was for damages for injuries received in an automobile accident, and plaintiff claimed liability of the Casualty Co. upon a policy of insurance. The Casualty Co. admitted the existence of the policy but claimed that its conditions had not been complied with, especially with regard to the giving of notice.

The plaintiff demanded a trial by jury and this was overruled. Later the case came on for hearing before another judge of the Court of Common Pleas, without a jury and upon trial such judge found in favor of the Casualty Co. Error was prosecuted solely upon the ground that the trial court erred in refusing the plaintiff a jury trial. The Court of Appeals affirmed the Common Pleas and held as follows:

We doubt very much whether this ruling made by the first judge is available in the absence of a renewal of the demand before the second judge when the case was finally tried. But assuming that the record shows that the plaintiff was denied a trial by jury we are still of opinion that it would be necessary to embody the evidence in the shape of a Bill of Exceptions to show that the plaintiff was prejudiced by such ruling.

The pleadings having tendered an issue, we think it is incumbent upon the plaintiff to embody the evidence in a Bill of Exceptions so that a reviewing court may ascertain whether there was evidence to justify or require the case to be submitted to a jury.

The Appellate Court will not presume error but will presume that the judgment of the trial court was justified. Under the state of the record we are bound to hold that the judgment of the Court of Common Pleas should be affirmed.

Judgment affirmed.

(Ferneding, Kunkle and Allread, JJ., concur).

Attorneys—Harby R. Jones, and R. E. Bothwell of Columbus, for Cohen; Howell, Roberts & Duncan of Cleveland, and Clark V. Campbell, of Columbus, for Fidelity & Casualty Co.